IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Joseph Agramonte, #60333-054,              )        C/A No.  0:13-1956-MGL-PJG
                                           )
                        Petitioner,        )
                                           )
v.                                         )        **REPORT AND RECOMMENDATION**
                                           )
Travis Bragg, Warden, FCI Bennettsville,   )
                                           )
                        Respondent.        )
_____    )

    The petitioner, Joseph Agramonte ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Bennettsville, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC.  Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## I.    Factual and Procedural Background

    Petitioner claims that, on April 18, 2012, while he was incarcerated at FCI Fort Dix, a cell phone was found.  (ECF No. 1 at 2.)  The investigation into the cell phone concluded on June 9, 2012, and Petitioner received an incident report charging him with possession of a cell phone, a violation of Prohibited Act Code 108.[1]  Petitioner was advised of his rights.

    On June 20, 2012, the Unit Disciplinary Committee ("UDC") held a hearing on Petitioner's charges.  (Id. at 3.)  Because of the severity of the charge, Petitioner's case was referred to a Disciplinary Hearing Officer ("DHO") for a second hearing on July 5, 2012.  The DHO found that

---

[1] The various levels of federal prison offenses are listed in 28 C.F.R. § 541.3, Table 1.  The most serious offenses ("Greatest Severity Level Prohibited Acts") are listed in code numbers 100 through 199.

Page 1 of 7



the greater weight of the evidence supported the charge, and Petitioner was sanctioned with the loss of 40 days of good credit time, 120 days of segregation, and the loss of 180 days of various other privileges, and recommended for transfer to another facility.

Petitioner appealed the DHO decision, in part based on the timing of the UDC hearing. (Id. at 4.)  In response, the Regional Director stated that the warden authorized an extension of the disciplinary process, documented in a separate memorandum to the DHO prior to the hearing, and denied Petitioner's appeal.  Petitioner argues that the failure of the UDC to hold his initial hearing within five days of issuing the incident report violated his due process rights as provided in Wolff v. McDonnell, 418 U.S. 539 (1974), and also the procedure set out in 28 C.F.R. § 541.  He asks for the incident report and disciplinary sanctions to be expunged.  (Id. at 9.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.;

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

**1.     Wolff v. McDonnell**

In citing to Wolff, Petitioner attempts to rely on the leading case regarding the process due in prison disciplinary proceedings. Under Wolff, the inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals. Wolff, 418 U.S. at 563-67. Additionally, an inmate should be permitted to seek



counsel substitute (a fellow inmate or a prison employee) if he is illiterate or in complex cases that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal.  Id. at 569-71.

Petitioner acknowledges that he received written notice of his charge (the incident report) on June 9, 2012, and his initial hearing was not held until June 20, 2012.  Petitioner has attached to the Complaint, as Exhibit B, a copy of the report from the DHO hearing.  (See ECF No. 1-1 at 4-6.) Petitioner acknowledges (ECF No. 1 at 3) that this report contains the findings as to the evidence the DHO relied upon (see Section IV, "Findings of the DHO," ECF No. 1-1 at 5), and its reasons for the disciplinary action (see Section VII, "Reason for Sanction or Action Taken," ECF No. 1-1 at 5).  The DHO report further shows that Petitioner did not request witnesses.  (Section III.C.1, ECF No. 1-1 at 4).  There is no showing that Petitioner either presented evidence, or was denied the right to do so, nor does Petitioner contend that the tribunal was not fair and impartial.  Accordingly, Petitioner's filings show that he received all of the due process to which he is entitled under Wolff.

### 2.    28 C.F.R. § 541

Petitioner further bases his due process claim on 28 C.F.R. § 541.  The Inmate Discipline Program ("Program") of the Federal Bureau of Prisons ("BOP") is set out in 28 C.F.R. § 541.1 through § 541.8.  Petitioner refers to a now defunct provision in the Program, former 28 C.F.R. § 541.15(b), which provided, "Each inmate so charged is entitled to an initial hearing before the UDC, *ordinarily* held within three work days from the time staff became aware of the inmate's involvement in the incident."  Id. (emphasis added).

There is no current requirement in the Program that there be an initial hearing on the incident report, although there is a provision for the prisoner to appear before the UDC during its



deliberations. See id. § 541.5. Section 541.7(c), which supercedes § 541.15(b), provides that the UDC "will *ordinarily* review the incident report within *five* work days after it is issued, not counting the day it was issued, weekends, and holidays. UDC *review* of the incident report may also be suspended if it is being investigated for possible criminal prosecution." Id. § 541.7(c) (emphases added). The current regulations do not provide for a hearing unless the UDC refers the case to the DHO. See id. §§ 541.7(g), 541.8. In that case, the inmate is provided with at least twenty-four hours' notice. Id. § 541.8(c). Further, as a 100-level offense which might result in the forfeiture of good time credits, Petitioner's charge involved potential sanctions in excess of those which may be imposed by the UDC. See id. § 541.7(f) (providing that the UDC cannot impose the loss of good conduct sentence credit, disciplinary segregation, or monetary fines). Thus, "[i]f any hearing at all transpired, it would have been cursory in nature. And because the UDC made no determination regarding [Petitioner's] guilt of the offense and imposed no sanctions, [Petitioner] could not have suffered any prejudice as a result of the UDC's actions or inactions, a necessary predicate to establish a due process violation." Nerlich v. Quintana, Civil No. 12-CV-325-JMH, 2013 WL 875909, at *6 (E.D. Ky. Mar. 7, 2013).

Hence, at the time the incident took place, the UDC was not required to hold a hearing on Petitioner's initial report; it was required only to *review* the incident report, and to *attempt* to conduct that review within five days. Moreover, even under the former regulation, on these facts, there is no due process violation in not providing the hearing within the given period:

> [E]ven if the regulation were violated, its violation is not actionable. [Petitioner] cannot show that his right to due process was violated by a possible technical non-compliance with the regulation, given that Wolff does not require that a UDC hearing take place within three days of an incident (or the re-issuance of an incident report), and where any delay did not prejudice him. Moreover, [Petitioner] has not



shown that § 541.15(b) itself created a liberty or property interest such that its alleged violation abridged his due process rights.

<u>Bullard v. Scism</u>, 449 F. App'x 232, 235 (3d Cir. 2011) (citations omitted); <u>see</u> <u>also</u> <u>Brown v. Rios</u>, 196 F. App'x 681, 683 (10th Cir. 2006) (finding that <u>Wolff</u> "does not require an UDC hearing").

## RECOMMENDATION

Accordingly, the court recommends that the Petition be summarily dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).