IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Agramonte, ) | Civil Action No. 0:13-1956-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Travis Bragg, Warden, FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Joseph Agramonte, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On September 11, 2013 the Magistrate Judge issued a Report, (ECF No. 10), recommending that the petition be dismissed *without prejudice* and without requiring Respondent to file a return. Objections to the Report were originally due by September 30, 2013. That time period elapsed and on October 7, 2013, the Court entered an Order adopting the Report and dismissing the petition. (ECF No. 12). Over three months later, on January 14, 2014, Petitioner moved the Court to reopen the case and permit the belated filing of objections. (ECF No. 17). Out of an abundance of caution and with a view, especially, to the *pro se* nature of the petition, the Court granted that motion and extended the time period for Petitioner to file objections until February 6, 2014. (ECF No. 18). Petitioner ultimately filed an Objection to the Report on February 6, 2014. (ECF No. 20).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection.  The Court has undertaken a *de novo* review, even though Petitioner's Objection amounts to a restatement of arguments already advanced in his Petition.  As the Magistrate Judge's Report clearly and persuasively sets out, Petitioner's due process argument rests upon a fundamental misreading of current and former versions of 28 C.F.R. § 541.  (ECF No. 10 at p. 4-6).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference.  (ECF No. 10).  Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice and without requiring Respondent to file a return.

## Certificate of Appealability

The governing law provides that:

> © (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific

issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© .  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

June 10, 2014
Spartanburg, South Carolina

-3-